**In re John J. BORTZEL and Jane S. Bortzel, Debtors.**

**Alden D. WUNDER, Plaintiff,**

v.

**John J. BORTZEL and Jane S. Bortzel, Defendants.**

**Bankruptcy No. 80–01106 T.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 16, 1982.

Jonathan L. Wesner, Reading, Pa., for plaintiff.

Larry B. Maier, Ephrata, for defendants.

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752

MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case presents the issue of whether an unlisted creditor should be granted an extension of time to file a proof of claim and a complaint to determine dischargeability of a debt. For reasons hereinafter given, we find that the creditor is entitled to an extension under the circumstances of this case.[1]

The debtor-defendants, John J. Bortzel and Jane S. Bortzel, filed a petition in bankruptcy on May 19, 1980. The creditor-plaintiff, Alden D. Wunder, was not listed as a creditor on the schedules filed at that time. He received no notice of the bankruptcy. In January, 1981, the plaintiff discovered that the defendants had filed a bankruptcy petition when he attempted to reduce his claim against them to judgment in district justice court. The plaintiff filed an application for extension of time to file complaint to determine the dischargeability of the debt on January 16, 1981. On August 27, 1981, defendants filed an amendment to their schedules, listing plaintiff as a creditor in an amount which plaintiff disputes.

Based upon the pleadings and briefs filed by counsel, we conclude that plaintiff is entitled to an extension of time to file his complaint. Rule 409(a) of the Rules of Bankruptcy Procedure provides, in part, "[T]he court may for cause, in its own initiative or on application of any party in interest, extend the time fixed under this paragraph." In view of the fact that plaintiff had no notice of the May 19, 1980, filing date and, as an unlisted creditor, no obligation to respond to the filing in any case, he was not bound by the deadlines established by that filing. Plaintiff acted promptly upon receiving actual notice of the bankruptcy in January, 1981. The defendants did not list plaintiff's claim by amendment

of the Rules of Bankruptcy Procedure.

until August, 1981, so plaintiff's application was actually premature.

For the foregoing reasons, we will grant plaintiff's application to file proof of claim and a complaint to determine dischargeability of a debt.