**In re David and Bonnie BEEHLER, Debtors.**

No. 82–13488.

United States Bankruptcy Court, W.D. New York.

Sept. 23, 1983.

Daniel R. McComb, Batavia, N.Y., for debtors.

Mabel Barber, Pavilion, N.Y., creditor.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The subject debtors filed this Chapter 7 case on December 7, 1982 and the first creditors meeting was held January 4, 1983. Notice was sent to the creditors indicating to them that the last day to file objections to discharge under 11 U.S.C. § 523(c) was March 8, 1983. On March 16, 1983, the Bankruptcy Court received a letter from a creditor, Mrs. Mabel Barber, dated March 13, 1983 stating that the $500 owed her by the debtor was borrowed under false pretenses and asked the Court to see that she get the money back. At that time, Bankruptcy Judge Creahan was sitting in Batavia, where this case was scheduled, and he chose to treat the letter as an application for an extension of time to file an 11 U.S.C. § 523 complaint under Bankruptcy Rule 906. He scheduled a hearing for April of 1983 on the application for extension of time but for some reason not known to this Court it was not held at that time. It was renoticed for a hearing on July 19, 1983 and by this time, the Batavia case had been transferred to this Court and this Court proceeded to listen to Mrs. Barber.

From the arguments presented in July, and from the transcripts of the two 11 U.S.C. § 341 meetings which were held on February 1, 1983 and January 4, 1983 and which were read by this Court, the following facts are apparent. The debtors filed their petition in Bankruptcy on December 7, 1982. The first meeting of creditors was held on January 4, 1983. The notice of that first meeting of creditors set the last day to file objections to discharge under 11 U.S.C. § 523(c) as of March 8, 1983. The letter by the complainant, Mrs. Barber, was written March 13, 1983. At both 11 U.S.C. § 341 hearings held on January 4, 1983 and February 1, 1983, Mrs. Barber was advised by the trustee, who conducted the meeting, to obtain an attorney. She chose not to. The trustee did not spell out to her the provisions of 11 U.S.C. § 523 or the procedure thereunder. He had no obligation to do so.

Since the hearing, and prior to the time the transcripts of the 11 U.S.C. § 341 hearings were available to the Court, the new Bankruptcy Rules went into effect. They became effective August 1, 1983 and

were made applicable to proceedings then pending except to the extent that in the opinion of the Court their application in a pending proceeding would not be feasible or would work an injustice. Under the new Rule 9006, objections to discharge have to be filed within 60 days following the § 341 meeting. The Court may extend the time to file a proceeding only on a motion made before the time has expired. Under these rules, Mable Barber's letter which was received by the Court eight days later could not result in an extension of time to file an objection to discharge.

Under the old Bankruptcy Rule 906, and Interim Rule 7004, the Court could for cause on its own initiative or on application of any party in interest extend the time fixed under this section. The Court in interpreting the old law exercise their discretion in favor of the creditor when "excusable neglect" was present. See *American Express Company v. Richard Elliano*, 9 B.R. 287 (Bkrtcy.1981); *In re George D. Gideon*, 17 B.R. 826, 828 (Bkrtcy.1982); and *Alden D. Wunder v. John J. Bortzel and Jane S. Bortzel*, 18 B.R. 523 (Bkrtcy.1982).

Bankruptcy Rule 9006 is now in effect and this Court can see no reason why the application of this Rule would work an injustice. Indeed, Mrs. Barber's letter which initiated this proceeding even if taken at full face value would not constitute excusable neglect under the old law because she was on two occasions advised to get a lawyer to take care of her claim against the subject debtors and elected not to.

Therefore, the application to extend time to file a complaint objecting to the discharge of the debtors is denied and it is so ordered.