In re Clifford Lewis LANE, Individually and t/a Southern Roofing and Siding and t/a Southern Remodelers, Debtor.

BRADCO SUPPLY CORPORATION, Plaintiff,

v.

Clifford Lewis LANE, Individually and t/a Southern Roofing and Siding and t/a Southern Remodelers, Defendant.

Bankruptcy No. 83–01221–R.
Adv. No. 83–0330–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 9, 1984.

Robert C. Bode, Richmond, Va., for plaintiff.

Richard S. Clinger, Richmond, Va., for defendant.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing of a motion to enlarge the period for filing complaints to determine the dischargeability of a debt and objections to discharge by Bradco Supply Corporation (Bradco), a creditor. After notice and a hearing at which the debtor objected to the relief sought by the motion, and after sub-

mission of briefs in support of their respective positions, this Court renders the following opinion.

## STATEMENT OF FACTS

On August 9, 1983 Clifford Lewis Lane (the debtor) filed a voluntary petition for relief under Chapter 7 of Title 11, United States Bankruptcy Code. In keeping with the requirements of Bankruptcy Rule 4004(a) and 4007(c), the creditors scheduled by the debtor were timely notified that November 7, 1983 was fixed as the last day for filing objections to discharge and complaints to determine dischargeability of debts pursuant to § 727(c) and § 523(a)(2), (4) and (6), respectively.

Bradco, a duly scheduled creditor, filed a complaint on November 10, 1983, objecting to the debtor's discharge as well as alleging its debt to be nondischargeable under § 523(a)(2)(A) & (B). The merits of the complaint are not now in issue. On November 21, 1983, Bradco filed a motion and a brief in support of said motion seeking an enlargement of time so that the complaint would have been deemed timely filed when filed on November 10, 1983. Notice of said motion was served on the debtor. The debtor filed a brief in opposition to this motion and this matter was set for hearing on December 12, 1983.

At said hearing, Bradco through counsel admitted Bradco was duly scheduled and timely noticed of the order for relief and the time limitation of November 7, 1983, as the last day for filing complaints objecting to discharge and determination of dischargeability under § 727(c) and § 523(a)(2), (4), or (6), it having received that notice on August 19, 1983. In the third week of August, 1983, Bradco retained a Virginia Beach, Virginia attorney to consider pursuing an action against the debtor based on allegations of fraud. On September 1, 1983, this matter was entrusted to Robert C. Bode (Bode), a Richmond attor-

ney and Bradco's counsel of record in this adversary proceeding.

On October 3, 1983, Bode was authorized to institute legal action and to proceed with the complaint. Bode placed the matter on his docket for action by November 17, 1983, at that time thinking that was the final date for filing complaints. Although a check of documents in his possession reflected November 7, 1983 as the deadline, Bode stated that it was only at the time he filed the complaint on November 10 that he realized that it would not be timely. He stated he attempted to reach the trustee in bankruptcy and counsel for the debtor by phone promptly but was unable and due to an intervening weekend it was the 14th or 15th of November before he discussed the matter with debtor's counsel. On November 21, 1983, he filed his motion for an extension of time and brief in support of said motion.

Counsel for Bradco contends that the oversight was a human error precipitated by a family crisis, argues that it was excusable neglect and that pursuant to Rule 9006(b)(1) the motion should be granted even if made after the expiration of the specified period within which extensions of time to file complaints should be filed.

The debtor, through counsel, contends that pursuant to Bankruptcy Rule 9006(b)(3) the Court has no discretion with respect to extending the time after the expiration of the specified period because of the limitations dictated by Rules 4004(b) and 4007(c) and, in addition, argues alternatively that neither the conduct of Bradco or its counsel arises to the height of excusable neglect.

## CONCLUSIONS OF LAW

It must be said at the outset that Bankruptcy Rule 9006, as modified by Bankruptcy Rules 4004 and 4007, departs from the prior Bankruptcy Rules[1] in that the prior rules specifically granted the Court the

---

1. To the extent that the former Rules of Bankruptcy Procedure were not inconsistent with the Bankruptcy Reform Act of 1978, they were retained after October 1, 1979. However, with the adoption of the new Rules of Bankruptcy Procedure, effective August 1, 1983, the former Rules were superceded completely except with respect to cases pending on August 1, 1983 and

privilege to extend the deadline for filing complaints relating to discharge or dischargeability upon a motion filed after the deadline upon a showing of excusable neglect. (Former Bankruptcy Rule 906(b)). The new Bankruptcy Rules took effect on August 1, 1983, and were to be applicable to proceedings then pending, except to the extent that in the opinion of the Court this application in a pending proceeding would not be feasible or would work an injustice, and in which event, the former procedures would apply. It is to be noted that this bankruptcy petition as well as the complaint were filed subsequent to August 1, 1983, and, consequently, was not pending and the savings provision relating to feasibility or injustice in the Supreme Court's order is not applicable.

It is also important to note the provisions of Bankruptcy Rule 4004(c) which require in a Chapter 7 case that the Court "forthwith" grant the discharge upon expiration of the time fixed for filing a complaint objecting to discharge unless a complaint objecting thereto has been filed. Nothing would preclude the Court from granting the discharge on the day following the time fixed for filing complaints under Rule 4004(a). Any delay between that date and the date of the actual entry of the discharge order is one occasioned by purely administrative matters not within the control of the parties.

■ The use of the word forthwith intimates promptness. *Black's Law Dictionary,* defines "forthwith" as being

.... Within such time as to permit that which is to be done, to be done lawfully and according to the practical and ordinary course of things to be performed or accomplished. The first opportunity offered.

*Black's Law Dictionary,* 588 (5th ed. 1979).

■ As indicated the Court could immediately enter the discharge order upon expiration of the time limitation set out in Rule 4004(a). It is the Court's duty to act with dispatch upon expiration of the prescribed

period for filing discharge complaints and the debtor should not be held accountable for any administrative delay not of his doing. Had the Court granted the discharge after November 7 but prior to the November 10 date of filing the complaint it would be all the more reason why the motion for an extension of time should be denied for then the discharge would have already been granted.

Under prior Bankruptcy Rules 404(a) and 409(a)(2), the Court was privileged to make an order setting the time for filing complaints within a period of time to be set not less than 30 days nor more than 90 days subsequent to the first date set for the first meeting of creditors, except in those cases where a notice of no dividend was given pursuant to old Rule 203(b) where a shorter time could prevail. The new Bankruptcy Rules 4004(a) and 4007(c) remove the prerogative from the Court of setting the date. The time is set by the rules as a deadline. It grants to creditors a period of time expiring not later than 60 days following the first date set for the meeting of creditors' provided for by § 341 of the Bankruptcy Code.

Under prior Bankruptcy Rule 906(b) the court could for cause shown enlarge the time for filing complaints with or without application or notice if requested prior to the expiration of time or upon application after expiration of time upon showing of excusable neglect. In those situations where the court set the time at less than 90 days, the courts seemed more willing to find excusable neglect where the time set had expired but the maximum of 90 days allowed by old Rules 404(a) and 409(a)(2) had not expired. *Keenan v. Builders Appliances, Inc.,* 384 F.Supp. 14 (E.D.Wis.1974); *but see In re Peterson,* 15 B.R. 598 (Bkrtcy. N.D.Iowa 1980). The prior rule granted to the court some freedom of exercise of discretion upon allegations of excusable neglect. It would now appear that the Court's prerogative to extend the time for filing complaints relating to discharge or dischargeability when the request for an

then the former Rules remained viable only where necessary to avoid injustice or where the new Rules would not be feasible in such pend-

ing case. *See* April 25, 1983 Order of the United States Supreme Court.

extension is made after the expiration of the time limitations provided in Rule 4004(a) and Rule 4007(c) has been eliminated.

Bankruptcy Rule 9006 provides for the computation of time and the enlargement thereof. Rule 9006(b) provides, in pertinent part:

(b) ENLARGEMENT.

(1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(b)[2], 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

The enlargement paragraph cited above explicitly states "[e]xcept as provided in paragraphs (2) and (3) of this subdivision". That language precludes from the enlargement provisions of subparagraph (b)(1) anything contained in subparagraph (b)(2), and limits extensions in subparagraph (b)(3). Subparagraph (b)(3) allows the court to enlarge the time for taking action under Rule 4004(a) and 4007(c) only to the extent and under the conditions stated in those Rules.

Rule 4004(a) & (b) provides, in pertinent part:

(a) TIME FOR FILING COMPLAINT OBJECTING TO DISCHARGE; NOTICE OF TIME FIXED. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

(b) EXTENSION OF TIME. On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Rule 4007(c) provides, in pertinent part:

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Rule 4004(a) describes the nature of the complaint and provides that a complaint objecting to discharge shall be filed not later than 60 days following the first date set for the meeting of creditors. Subparagraph (b) of Rule 4004 provides that a motion for extension of time shall be made *before such time has expired.* Bradco ar-

---

**2.** Incorrectly printed in Colliers Pamphlet Edition of the new Bankruptcy Rules as 400(a). The official text of the Rules demonstrates clearly that the subsection should be 4004(a) and not 400(a).

gues that the language of subparagraph (b) should have been included in subparagraph (a). The fact that 4004(a) does not include the language contained in 4004(b) cannot be considered as a basis for saying that (b) is inapplicable. The title to Rule 4004 is captioned "GRANT OR DENIAL OF DISCHARGE" and the subparagraphs therein relate to each other. Rule 9006(b)(3) is merely descriptive of those actions for which an enlargement is requested and 4004(b) contains the limitation with respect to an action requested under 4004(a). Rule 4007(c) describes both the action proposed to be taken and the limitation on the time for filing the motion.

A proper analysis and application of these Rules requires that a motion to enlarge the time for filing a complaint to determine dischargeability of a debt or objecting to discharge must be made before the time for filing a dischargeability complaint has expired. *See In re Beechler,* 33 B.R. 104, 11 B.C.D. 1 (Bkrtcy.W.D.N.Y. 1983); *In re Figueroa,* 33 B.R. 298, 10 B.C.D. 1459 (Bkrtcy.S.D.N.Y.1983); *In re Waldman,* 33 B.R. 328 (Bkrtcy.S.D.N.Y. 1983) (commented on in Bankr.-L.Ed. §§ 54:29, 59:20 (1983)).

It would be an abuse of this Court's discretion to reach any conclusion other than a requirement that a motion be filed prior to the expiration of the time limitations set out in Rules 4004(a) and 4007(a). In fact, the court has no discretion in this matter. Such lack of discretion may be unfortunate because often excusable neglect does exist. If the Rules were inconsistent with the Code, this Court would be privileged to determine the Rules unenforceable because of and to the extent of any inconsistency with a statute. 28 U.S.C. § 2075; *In re Moralez,* 618 F.2d 76, 6 B.C.D. 518 (9th Cir.1980). However, the recently adopted Rules of Bankruptcy Procedure that are in question here merely supplement the pertinent provisions of the Bankruptcy Code and are not in contravention with anything contained therein.

In summary, the new Rules establish a date certain by which complaints must be filed or by which motions to extend the filing date must be filed. This clearly represents a departure from the liberality of filing such complaints found in the former rules. No permissive feature based on excusable neglect to extend the filing of complaints exists in the new Rules. In addition, the Bankruptcy Code requires the court to forthwith grant the discharge once the time for filing such complaints has passed. Moreover, in the instant matter there was no action taken by Bradco that could be construed as a timely filing of a complaint or a motion to extend the time for filing such a complaint. This Court has no discretion to alter the inevitable effect of Bankruptcy Rules 4004(b), 4007(c) and 9006(b) where the filing of the complaint and the motion to extend the time to file such complaint did not occur until after the final date set for filing such complaints. For these reasons, this Court must conclude that Bradco's motion to extend the time for filing complaints to determine the dischargeability of a debt and objecting to discharge be denied.

An appropriate Order will issue.