**In re Timothy D. SMOLEN, Debtor.**

**Bankruptcy No. 84 B 5041.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

April 25, 1985.

Jurgensmeyer & Associates, Elgin, Ill., for debtor.

Puklin & Puklin, Elgin, Ill., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court upon the plaintiff's motion to file an adversary complaint instanter. Proper notice of that hearing was given; the court has reviewed all pleadings filed herein as well as the record in this matter. From the documents and record herein, it appears that a complaint to determine dischargeability pursuant to section 523(a)(6) of the Bankruptcy Code was mailed to the court and filed stamped in chambers on July 17, 1984. No adversary filing fee was paid; no adversary number assigned, no summons issued and no service of process effectuated. Subsequently at the hearing on discharge, the plaintiff moved the court for leave to file its complaint instanter. The last date to file such complaints had been previously set as July 18, 1984.

### ISSUE

The issue which the court must resolve is whether, when filing has not been accomplished in accordance with applicable rules, the court may enlarge the time within which a complaint to determine dischargeability may be filed where the motion was made after the date to file such complaints had passed.

### DISCUSSION

A complaint to determine dischargeability is an adversary proceeding, the filing requirements for which are governed by Rule 7004 of the Bankruptcy Rules of Procedure. A complaint is to be filed with the Clerk of the Court and summons is to issue. *Id.*

Compliance with the provisions of Rule 7004 is required before a complaint will be considered properly and timely filed. It is noted that at least one other bankruptcy court, when confronted with a similar situation dismissed the plaintiff's complaint. *Matter of Anderson,* 5 B.R. 47, 49 (Bankr. N.D.Ohio 1980). Thus, the Plaintiff did not accomplish "filing" when he mailed and had file stamped the complaint on July 17, 1984 without paying the adversary filing fee or arranging for the issuance and service of summons.

The remaining question is whether the court can grant the motion to file the complaint when that motion was made after the time for filing such complaints had expired.

Enlargement of time is governed by Rule 9006(b) which provides:

(b) Enlargement.

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

Bankr.R.Proc. 9006(b). Subparagraph 1 sets forth the general requirements while subparagraphs 2 and 3 set forth limitations upon the court's authority to enlarge the time.

Subparagraph 3 of Rule 9006(b) governs extensions of time for filing a complaint to determine dischargeability under section 523(a)(6) of the Code because Rule 4007(c) governs time for filing complaints under section 523(c). The complaint involved here is such a complaint. Rule 4007(c) provides:

(c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankr.R.Proc. 4007(c).

Thus, a motion to enlarge the time within which to file a complaint to determine dischargeability must be made before the time to file has expired. The Advisory Committee Note to Rule 9006 makes clear this limitation upon the court's authority by stating that in situations where subparagraph 3 applies, the court may not extend the time under subparagraph 1 for reasons such as excusable neglect.

The Advisory Committee Note provides in relevant part:

> Many rules which establish a time for doing an act also contain a specific authorization and standard for granting an extension of time and, in some cases, limit the length of an extension. In some instances it would be inconsistent with the objective of the rule and sound administration of the case to permit extension under rule 9006(b)(1), but with respect to the other rules it is appropriate that the power to extend time be supplemented by Rule 9006(b)(1). Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of the time may be granted under paragraph (1) of this subdivision. If a rule is included in paragraph (3) an extension may not be granted under paragraph (1). The following rules are listed in paragraph (3): Rule 1006(b)(2), time for paying the filing fee in installments; Rule 3002(c), 90 day period for filing a claim in a Chapter 7 or 13 case; Rule 4003(b), 30 days for filing objections to a claim of exemption; Rule 4004(a), 60 day period to object to a discharge; Rule 4007(b), 60 day period to file a dischargeability complaint; and Rule 8002, 10 days for filing a notice of appeal.

Bankr.R.Proc. 9006 advisory committee note. Rule 4007 is included in paragraph 3. Thus, it is clear that this court lacks authority to extend the date for filing a complaint under section 523(a)(6) and declines to do so.* Several other bankruptcy courts have also so held. *In re Lane,* 37 B.R. 410, 414 (Bankr.E.D.Va.1984); *See also In re Beehler,* 33 B.R. 104, 105 (Bankr.W.D.N.Y. 1983); *In re Figueroa,* 33 B.R. 298 (Bankr. S.D.N.Y.1983) (construing former Rules).

In this case, the complaint was not timely filed. The court lacks authority to extend the time to file such a complaint because the motion to extend the time was not filed until after the last day for filing had passed. It is ordered that the plaintiff's motion be and hereby is denied.

---

* Even if the court found that it had authority under Rule 9006 to extend the time for "excusable neglect," lack of knowledge of and compliance with the Rules has generally not constituted excusable neglect. *Matter of Anderson,* 5 B.R. 47, 50 (Bankr.N.D.Ohio 1980) (construing former Rule 906(b)); *In re Peterson,* 15 B.R. 598 (Bankr.N.D.Iowa 1981).