**In re William J. CONNOR, Jr. and Theresa Connor, Debtors.**

**Bankruptcy No. B–84–01157 C–7.**

United States Bankruptcy Court, M.D. North Carolina.

June 17, 1985.

---

Jordan J. Frassinetti and Durant M. Glover, Greensboro, N.C., for movant creditors.

A. Carl Penny, Winston-Salem, N.C., for debtors.

## MEMORANDUM OPINION

RUFUS W. REYNOLDS, Chief Judge.

THIS MATTER came on to be heard and was heard by the Honorable Rufus W. Reynolds, U.S. Chief Bankruptcy Judge on June 4, 1985 upon the motion of Neil F. Marshall and J. Leslie Hall through Jordan J. Frassinetti, attorney, to modify the discharge order to allow a filing and bringing of a complaint to determine the dischargeability of a debt. Mr. Jordan J. Frassinetti and Mr. Durant Glover appeared on behalf of the movant creditors. Mr. A. Carl Penny appeared on behalf of the debtor.

The Court has considered the movants' motion, the brief supporting the motion, the supplemental brief, and the oral arguments of counsel.

## STATEMENT OF FACTS

The movants, Neil F. Marshall and J. Leslie Hall, are judgment creditors of the debtor having obtained a judgment against the debtor in the amount of $47,800.00. That judgment amount was scheduled by the debtors in their initial filing of their Chapter 13 case. The Chapter 13 case was later converted to a Chapter 7. Mr. Frassinetti and Mr. Glover, attorneys for the movant creditors, appeared at the first creditors' meeting held in Winston-Salem, NC on February 27, 1985. At this first creditors' meeting, the movants' attorneys advised counsel for the debtors that they were appearing in the matter and were considering filing an adversary proceeding to determine dischargeability of a debt.

Subsequent to the first creditors' meeting, an examination of the debtor, William J. Connor, Jr., was held in the offices of his counsel on March 30, 1985. This examination was pursuant to stipulations between counsel which were filed in this proceeding on April 26, 1985. At the time of the examination, counsel for the debtors was provided with a draft copy of a proposed complaint to be filed as an adversary proceeding challenging the dischargeability of the debt owed to the movant creditors. The examination was promptly transcribed and filed by debtors' counsel in the Bankruptcy Clerk's Office on April 26, 1985 and made available to the movants' counsel on the same date.

On May 16, 1985 a discharge order was entered by this court discharging the debtors from Chapter 7. On May 20, 1985, more than 60 days from the first date set for the meeting of creditors, the attorneys for the movant creditors filed a motion to modify the discharge order to allow the filing and bringing of a complaint to determine the dischargeability of the debt owed to the movants. The attorneys for the movant creditors claim they were erroneously laboring under the belief that a 90-day deadline from the first date set for the creditors' meeting (as provided by the former rules) governed the filing of a dischargeability complaint rather than the 60-day deadline as set out in the present Bankruptcy Rule 4007(c). The attorneys for the movants contend that the Bankruptcy Court has ample discretion to grant a motion to modify a discharge order to allow the filing and bringing of the dischargeability complaint on the basis of excusable neglect pursuant to Federal Rules of Civil Procedure 60(b).

In the alternative, the movants claim that the stipulations filed with the court on April 26, 1985, and therefore within 60 days

from the first date set for the meeting of creditors, should be construed as a motion to enlarge the time within which a complaint to determine dischargeability of a debt may be filed. The movants claim that the stipulations which were labelled and captioned as an adversary proceeding, stated the basis of the requested relief under Section 523(c) and contemplated the filing of a complaint and a subsequent trial to determine the dischargeability of the debtor to these creditors. In the stipulations, the parties agreed to the taking of an oral deposition and examination of the male debtor pursuant to Rule 29 of the Federal Rules of Civil Procedure. The stipulations did not contain a request for an enlargement or extension of time within which to file a complaint to determine the dischargeability of the debt.

### ISSUE

The issue which the Court must resolve is whether the Court may enlarge the time within which a complaint to determine dischargeability of a debt may be filed where the motion was made after the date to file such complaints had passed.

### DISCUSSION

In Chapter 11 reorganization cases, Bankruptcy Rule 4007(c) governs the time for filing a complaint to determine the dischargeability of any debt pursuant to Section 523(c) of the Bankruptcy Code. Bankruptcy Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to Section 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion

shall be made before the time has expired.
Bankr.R.Proc. 4007(c).

Enlargement of time is governed by Bankruptcy Rule 9006(b) which provides:

(b) Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 4001(b), 7052, 9015(f), 9023, and 9024.

(3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

Bankr.R.Proc. 9006(b).

Bankruptcy Rule 9006(b) begins with the words "[e]xcept as provided in paragraphs (2) and (3) of this subdivision." This language prohibits the court from granting enlargements of time with respect to those provisions in subparagraph (b)(2) and limits the court's extensions in subparagraph (b)(3). Subparagraph (b)(3) allows the court to enlarge the time for filing a complaint to determine dischargeability of a debt under Rule 4007(c) only to the extent and under the conditions stated in that Rule. As noted above, Rule 4007(c) states that the court may extend the time for filing complaints on the motion of any party in interest only if that motion was filed before the time for filing complaints has

expired. The Advisory Committee Note to Rule 9006 also recognizes this limitation upon the court's authority to grant enlargements of time where subparagraph (3) applies. The Advisory Committee Note provides in relevant part:

Many rules which establish a time for doing an act also contain a specific authorization and standard for granting an extension of time and, in some cases, limit the length of an extension. In some instances it would be inconsistent with the objective of the rule and sound administration of the case to permit extension under rule 9006(b)(1), but with respect to the other rules it is appropriate to extend time be supplemented by rule 9006(b)(1). Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of that time may be granted under paragraph (1) of this subdivision. If a rule is included in paragraph (3) an extension may not be granted under paragraph (1). The following rules are listed in paragraph (3): Rule 1006(b)(2), time for paying the filing fee in installments; Rule 3002(c), 90-day period for filing a claim in a Chapter 7 or 13 case; Rule 4003(b), 30 days for filing objections to a claim of exemption; Rule 4004(a), 60-day period to object to a discharge; Rule 4007(c), 60-day period to file a dischargeability complaint; and Rule 8002, 10 days for filing notice of appeal.

Bankr.R.Proc. 9006 Advisory Committee Note.

Thus, it appears that a proper analysis and application of these rules requires that a motion to enlarge the time for filing a complaint to determine dischargeability of a debt must be made before the time for filing a dischargeability complaint has expired. *See, In re Smolen,* 48 B.R. 633 (Bankr.N.D.Ill.1985); *In re Lane,* 37 B.R. 410 (Bankr.E.D.Pa.1984); *See, also, In re Beehler* 33 B.R. 104 (Bankr.W.D.N.Y.1983).

The movants contend that should the Court find that Rule 9006(b)(3) prohibits an enlargement of time, there is an alternative basis for granting an extension of time upon these particular facts. The movants contend that the stipulations filed with the court on April 26, 1985 should be construed as a motion to enlarge the time within which the dischargeability complaint should be filed pursuant to Bankruptcy Rule 4007(c). In their supplemental brief, the movants contend that the stipulation should be taken as a motion since the stipulations were labelled as an adversary proceeding, stated the basis of relief under Section 523(c) and contemplated a trial of the matter. The movants further contend that this "motion" was timely filed as it was filed within 60 days from the first date set for the meeting of creditors. However, the stipulations contain no request for an enlargement of time within which to file the dischargeability complaint, nor do they state any reasons why such an enlargement is needed. In fact, the stipulations make no reference at all to an enlargement of time within which to file a dischargeability complaint and therefore do not meet the elements of a motion for an extension of time under Bankruptcy Rule 4007(c).

In summary, the Bankruptcy Rules establish a certain date by which complaints must be filed or by which motions to extend the filing date must be filed. In this case, neither the complaint nor the motion to extend was timely filed. According to the Bankruptcy Rules, the court lacks discretion and authority to extend the time to file a dischargeability complaint where the motion to extend the time was not filed until after the last day for filing the complaint had passed. Therefore, the court concludes that the creditors' motion to modify the discharge order to allow the filing and bringing of a dischargeability complaint should be denied and is hereby denied.