1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 In the Matter of Lawrence M. COOPER, Debtor-Appellant.
 No. 91-3260.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 3, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Cooper challenges the district court's decision that Bernard Chaitman's claim against Cooper's bankruptcy estate was filed before the bar date established by the bankruptcy court. We agree with the district court's analysis and resolution of the issue, and therefore AFFIRM for the reasons stated in its Memorandum and Order, which is attached.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 4
 IN THE MATTER OF: LAWRENCE M. COOPER, Debtor.
 
 
 5
 BERNARD C. CHAITMAN, in his capacity as Assignee for the
 
 
 6
 Benefit of Creditors of Food Marketers, Inc.,
 
 
 7
 Plaintiff/Appellee,
 
 
 8
 vs
 
 
 9
 LAWRENCE M. COOPER, Defendant/Appellant.
 
 
 10
 On Appeal From The United States Bankruptcy Court for The
 
 
 11
 Northern District Of Illinois, Eastern Division,
 
 Honorable Robert Ginsberg, Bankruptcy
 Judge Presiding
 No. 89 C 7619
 
 12
 GEORGE W. LINDBERG, District Judge.
 
 MEMORANDUM AND ORDER
 I. Statement of the Case
 
 13
 In May of 1987, debtor-appellant Lawrence M. Cooper, a bankruptcy trustee and an attorney, admitted to misappropriating funds from various bankruptcy estates in his capacity as trustee or attorney for the debtor. Cooper subsequently relinquished his license to practice law and was sentenced to eight years imprisonment, probation and restitution.
 
 
 14
 On August 26, 1987, bankruptcy proceedings were commenced against Cooper with the filing of a creditor's involuntary petition under chapter 7 of the Bankruptcy Code, 11 USC Sec. 101 et seq. On September 16, 1987, the bankruptcy court granted Cooper's motion to convert the case from a chapter 7 liquidation to a chapter 11 reorganization. On October 9, 1987, the bankruptcy court set a deadline or bar date of January 2, 1988 for the filing of complaints to determine the dischargeability of debts.
 
 
 15
 On December 18, 1987, pursuant to a creditor's motion, the bankruptcy court converted the case back to a chapter 7 liquidation. On December 29, 1987, Norman Newman, a successor trustee in a number of bankruptcy cases previously administered by Cooper, brought a motion pursuant to Bankruptcy Rules 4004 and 4007 to extend the bar date from January 2, 1988 to June 30, 1988. Oral motions seeking to join Newman's motion were made in court by Joseph Stein, Jay Fogel and Allen De Mars, successor trustees in chapter 7 cases previously administered by Cooper. Judge James, sitting as emergency judge, entered an order which granted the motions, stating: "... the time within which all creditors may file objections to discharge and complaints to determine dischargeability is extended to and including June 30, 1988."
 
 
 16
 On February 12, 1988, the Clerk of the Bankruptcy Court issued a notice which identified April 23, 1988 as the bar date for filing objections to the debtor's discharge and complaints to determine the dischargeability of debts. At a March 8, 1988 hearing, Judge Ginsberg resolved the conflict between the April 23, 1988 and June 30, 1988 bar dates. Judge Ginsberg ruled that June 30, 1988 was the proper bar date, stating: "The Clerk can't overrule Judge James."
 
 
 17
 On March 10, 1988, Food Marketers, Inc. filed an adversary complaint, Case No. 88 A 0193, which alleged conversion of funds by appellant and objected to the discharge of this debt. Appellee Bernard Chaitman, as assignee for the creditors of Food Marketers, Inc., subsequently filed an adversary complaint seeking the same relief on June 8, 1988. Cooper filed a motion to dismiss the adversary complaint, arguing that it was filed after April 23, 1988 and therefore time barred. On February 14, 1989, the bankruptcy court denied Cooper's motion. The parties stipulated to judgment for Chaitman subject to Cooper's right to appeal the issue of the applicable bar dates.
 
 
 18
 Cooper has appealed the issue of whether Chaitman's adversary complaint was time barred when filed on June 8, 1988. Cooper argues that the original January 2, 1988 bar date was set while the case was a chapter 11 reorganization. He contends that Bankruptcy Rule 4007 required the court to set a new bar date when the proceedings were converted from chapter 11 to chapter 7 and, therefore, the bankruptcy court lacked jurisdiction to extend the January 2, 1988 bar date to June 30, 1988. According to Cooper, the April 23, 1988 bar date set forth in the notice from the Clerk of the Court was the appropriate bar date for the chapter 7 proceeding. Therefore, the adversary petition was not timely filed.
 
 
 19
 In response, Chaitman contends that the December 29, 1987 order takes precedence over the February 12, 1988 notice issued by the Clerk of the Bankruptcy Court. Even if the deadline set forth in the Clerk's notice controls, Chaitman argues that given his reasonable reliance on the June 30, 1991 bar date, the court should exercise its equitable powers under 11 USC Sec. 105 and find the complaint timely filed. Alternatively, because of the derivative nature of his complaint, Chaitman argues that he should be able to adopt the complaint previously filed on March 10, 1988 by Food Marketers, Inc. and substituted as the party in interest.
 
 II. Discussion
 Bankruptcy Rule 1019(3) provides:
 
 20
 A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11 or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.
 
 
 21
 As provided in Rule 1019(3), the conversion of a chapter 7 case to chapter 11 and then back to chapter 7 creates a new time period for filing complaints objecting to the debtor's discharge or objecting to the dischargeability of certain debts. The time period for filing such complaints is governed by Bankruptcy Rules 4004 and 4007.
 
 
 22
 Bankruptcy Rules 4004(a) and 4007(c) provide that a complaint objecting to the debtor's discharge or the dischargeability of any debt must be filed no later than 60 days following the first date set for the meeting of creditors. The court may extend this time upon the motion of any party in interest if brought before such time has expired. Bankruptcy Rules 4004(b) and 4007(c). See FDIC v. Kirsch, (In re Kirsch), 65 BR 297 (BankrNDIll 1986); In re Smolen, 48 BR 633, 635 (BankrNDIll 1985).
 
 
 23
 Cooper's bankruptcy case, which had been converted from a chapter 7 to a chapter 11 case, was converted back to a chapter 7 case on December 18, 1987, before the original bar date of January 2, 1988 had expired. On December 29, 1987, three days prior to the expiration of the January 2, 1988 bar date, creditors moved for extension of the bar date to June 30, 1988. Under Rule 1019(3), the conversion "commenced" a new time period for filing adversary complaints "pursuant to Rules 3002, 4004, or 4007...." Rules 4004 and 4007 require such complaints to be filed within "60 days following the first date set for the meeting of creditors," or within any timely extension of that period. Extending the existing bar date, in effect, "commenced" a new bar date or time period for filing complaints as required by Rule 1019(3).
 
 
 24
 Cooper's arguments are therefore rejected because under Rules 4004 and 4007, there was no need for the bankruptcy court to first set a date within the 60 day period before he could extend that date at the request of the parties. Whether the June 30, 1988 bar date is perceived to be an extension of the existing January 2, 1988 bar date or an enlargement of the new bar date not yet triggered by the setting of the first creditors' meeting, Judge James' order commenced a new bar date as required by Rule 1019(3) and Rules 4004 and 4007.
 
 
 25
 Even if Cooper's interpretation of Rule 1019(3) was correct, Chaitman's reasonable reliance on the court's December 30, 1987 order and March 8, 1988 hearing which resolved the conflict between the April 23, 1988 and June 30, 1988 bar dates, precludes this court from finding the adversary complaint untimely. Chaitman justifiably relied on the court's ruling in deciding to file the adversary complaint in June of 1988. When that ruling was called into question at the March 8, 1988 hearing, more than six weeks prior to the expiration of the April 23, 1988 bar date, the court again informed the parties that the June 30, 1988 bar date would control. If the bankruptcy court did make an erroneous legal ruling, Chaitman cannot now be penalized for relying on that ruling to his detriment. Appeal denied.
 
 
 26
 ORDERED: Appeal of debtor-appellant, Lawrence M. Cooper, is denied. The decision of the Bankruptcy Court is affirmed.
 
 
 27
 Sept. 19, 1991.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record