**In re Helen A. DISHMAN, Debtor.**

**Citibank (South Dakota), N.A., Plaintiff,**

v.

**Helen A. Dishman, Defendant.**

**Bankruptcy No. 99–37332–T. Adversary No. 00–3012–T.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Dec. 12, 2000.

Mitchell Paul Goldstein, Hunzeker & Lyon, P.C., Fredricksburg, Virginia, for debtor.

Kevin M. Fitzpatrick, Kevin M. Fitzpatrick, P.C., Fairfax, Virginia, for Citibank (South Dakota), N.A.

Kevin A. Lake, Lake & Lake, Richmond, Virginia, for Citibank (South Dakota), N.A., Appearing for Mr. Fitzpatrick.

Bruce H. Matson, LeClair Ryan, P.C., Richmond, Virginia, Chapter 7 Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Chief Judge.

Hearing was held August 9, 2000, on Citibank (South Dakota) N.A.'s motion to enlarge time to file a complaint objecting to discharge and debtor's motion to dismiss Citibank's complaint that was untimely filed. At conclusion of hearing, the court took both matters under advisement.

For reasons stated in this opinion, Citibank's motion will be denied and its complaint dismissed.

### I. *Facts and Procedural History.*

On February 2, 2000, Citibank filed the complaint to except a debt from discharge[1] two days after the January 31, 2000, filing deadline. Citibank's complaint was based upon debtor's alleged false representations, false pretenses and/or actual fraud under 11 U.S.C. § 523(a)(2), associated with her use of a Citibank credit card. Debtor filed a motion to dismiss Citibank's complaint based upon the untimely filing of the complaint. Citibank's response to debtor's motion to dismiss was a motion for the court to enlarge time to answer. In support of this request, Citibank cited hazardous weather conditions and delayed delivery by the U.S. mail of the complaint.

### II *Statutory Discussion and Analysis.*

#### A. Bankruptcy Code and Rules.

Bankruptcy Code § 727(b) states that a discharge granted by the court under § 727(a) "... discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." Section 727(b) notes, however, that this general discharge is subject to exceptions pursuant to § 523. Section 523 states, in part:

1. The complaint is couched in terms of an objection to debtor's discharge pursuant to 11 U.S.C. § 523(a)(2)(A). The more appropriate language in a complaint under § 523 would be a request for the court to *except* the plaintiff's debt from discharge.

A discharge under section 727 ... does not discharge an individual debtor from any debt—for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by— false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A).

Citibank's complaint is based upon debtor's allegedly fraudulent use of a Citibank credit card during the two-month period of July 6, through September 8, 1999.

In order to make a successful case for determination of the dischargeability of a debt under § 523, a creditor must follow the process outlined in Federal Rule of Bankruptcy Procedure 4007(c), which provides as follows:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed *no later than 60 days* after the first date set for the meeting of creditors under § 341(a).... *On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.*

Fed.R.Bankr.Proc. 4007(c) (emphasis added).

Rule 4007(c)'s deadline for filing a complaint or motion must be interpreted with the aid of Rule 9006, which governs the computation of time.

Here, Rule 9006's subsections (b)(1) and (b)(3) are applicable. Rule 9006(b)(1) governs enlargement of time on a "general" basis and requires a pleading and showing of "excusable neglect" if the motion to enlarge is not made before the expiration of the specified period. Rule 9006(b)(3), on the other hand, permits the court to grant a "limited" enlargement of time for taking action under Rule 4007(c), "only to the extent and under the conditions stated in ... [that] rule[ ]." Rule 9006(b)(3) explicitly applies to and cross-references Rule 4007(c), which applies in chapter 7 cases such as this one, when a complaint like Citibank's is filed to determine dischargeability of debt.

At hearing, Citibank's counsel argued that although the enlargement motion cited 9006(b)(1), Citibank was actually pleading general equitable principles and requesting judicial notice of the hazardous weather conditions surrounding the filing deadline. Counsel continued to explain that Citibank's argument rested in the policies of the equitable powers of the court and its discretion, rather than in an assertion of a statutory "excusable neglect" argument. (Plaintiff, Citibank's Response to Debtor's Opposition to Complaint, p. 2). Furthermore, in pleadings, counsel for Citibank proffered reasonable and "good faith" conduct on the part of the bank as additional bases for its request that the court permit the untimely filing. (Plaintiff, Citibank's Response to Debtor's Opposition to Complaint, p. 2). In response to Citibank's argument narrowing the authority for its requests, the court will not rely upon the "excusable neglect" provisions of Rule 9006(b)(1); rather, the court will look to Rule 9006(b)(3).

### B. Case law and Secondary Authority.

■ Recent case law supports the view that no equitable power nor broad means of judicial discretion exists to depart from Rule 9006(b)(3)'s mandate of compliance with specific deadlines. *See In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428 (9th Cir.1990) (highlighting that it was error for a bankruptcy court to purport to exercise its equitable discretion to extend the time within which a proof of claim might be filed in the absence of the specific controlling rule setting forth a basis for the extension). In addition, the 1983 Advisory Committee Note to Rule 9006 states a similar proposition concerning the lack of discretion afforded courts:

> Many rules which establish a time for doing an act also contain a specific authorization and standard for granting an extension of time, and, in some cases,

limit the length of the extension.... Unless a rule which contains a specific authorization to extend time is listed in paragraph [9006(b)](3) of this subdivision, an extension of time may be granted under paragraph [9006(b)](1) of this subdivision. *If a rule is included in paragraph [9006(b)](3) an extension may not be granted under paragraph [9006(b)](1).*

Collier on Bankruptcy, ¶ 9006.08–9[1] (Lawrence P. King ed., 15th ed., rev.2000) (emphasis added).

■ In a discussion of Rule 9006(b)(3), *Collier on Bankruptcy* states that one should look to the underlying particular rule to determine if an enlargement of time is appropriate, as opposed to generally consulting Rule 9006, at large. *See* 10 *Collier on Bankruptcy,* ¶ 9006.08. Under *Collier's* suggested analysis, the specific rule applicable in this instance, Rule 4007(c), mentions that extensions are possible upon motion and a showing of "cause," but that the "motion shall be filed before the time has expired." *Id.* Rule 9006(b)(3) affirms this mandatory premise that extension motions must be filed before the termination of the underlying time limitation, by stating that, "[t]he court may enlarge the time for taking action under ... 4007(c) only to the extent and under the conditions stated in ... [the] rule[ ]."

Recent case law in this court's same division provides a relevant analysis particular to Rule 4007(c). *See In re Lane,* 37 B.R. 410, 414 (Bankr.E.D.Va.1984) (Shelley, J.) (finding that "[a] proper analysis and application of these Rules requires that a motion to enlarge the time for filing a complaint to determine dischargeability of a debt or objecting to discharge must be made before the time for filing a dischargeability complaint has expired."); *see also In re CCR Fin. Planning, Ltd.,* 199 B.R. 347 (Bankr.E.D.Va.1996), *citing In re Lane,* 37 B.R. 410 (Bankr.E.D.Va.1984). Judge Shelley held in the *Lane* case that, "[i]t would be an *abuse of this Court's discretion* to reach any conclusion other than a requirement that a motion be filed

prior to the expiration of the time limitations set out ... [and further that,] the court has *no discretion* in this matter." 37 B.R. at 414. Therefore, contrary to counsel for Citibank's request, no provision is afforded the court by case law, statutory authority, nor public policy to allow the court to exercise general equitable powers of discretion to deviate from the provisions of Rule 4007(c).

### III. *Conclusion.*

■ Citibank filed its complaint two days late due to a delay in mail delivery caused by inclement weather. Because Citibank pleads it mailed its complaint prior to the deadline, the bank did not foresee nor file a timely motion to enlarge time within the sixty-day period, as called for by Rules 4007(c) and 9006(b)(3). Over one week after debtor filed a motion to dismiss for Citibank's untimely filing, Citibank filed its motion to enlarge time. In its motion, Citibank purported that circumstances were beyond its control, that it filed in good faith, and that it reasonably conducted itself given the inclement weather conditions. (Plaintiff, Citibank's Response to Debtor's Opposition to Complaint, pp. 1–2). However, despite the argument of Citibank's counsel, the court has no discretion to take judicial notice of weather conditions, filer's intent, nor the adequacy, appropriateness, and reasonableness of mailing procedures, given the applicable statutory authority set forth in the Code and Rules, which are further reinforced by binding and persuasive case law.

As a result of Citibank's late filing of its complaint and failure to file for an extension within the period prescribed by Rule 4007(c), the court cannot accept the bank's late-filed complaint nor the motion to enlarge time. The court must therefore grant debtor's motion to dismiss.

A separate order will be entered.