**W. F. SEBEL CO., Inc.**

v.

**HESSEE.**

**In re FRACTMAN.**

No. 4802.

United States Court of Appeals,
Tenth Circuit.

July 8, 1954.

Fred Hinkle, Wichita, Kan. (Leo K. Gold, Beverly Hills, Cal., on the brief), for appellant.

J. Francis Hesse, Wichita, Kan. (Emmet A. Blaes, Wichita, Kan., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The only question presented by this appeal is whether the claim of the appellant, W. F. Sebel Company, in this bankruptcy proceedings is barred by § 355 of the Bankruptcy Act of 1938, 52 Stat. 910, 11 U.S.C.A. § 755, which provides in presently material part for the filing of claims of this nature "within three months after the first date set for the first meeting of creditors".[1] The appellant appeals from the judgment of the District Court of Kansas sustaining the order of the Referee, holding that the claim being filed out of time should be disallowed except as against surplus.

The undisputed facts are that on December 21, 1951, Mel Fractman, the debtor, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act of 1938. The proposed arrangement not being acceptable to a majority of his creditors, he was on April 2, 1951, duly adjudged a bankrupt. Thereafter and on June 17, 1952, the Referee gave notice to the creditors, including appellant, of the first meeting, to be held on July 1, 1952. On the same date, the Referee mailed to all the creditors a notice of the order, fixing October 1, 1952 as the last date for filing objections to discharge. The notice of the first meeting of the creditors was in prescribed form and also contained the following: "This notice is sent in compliance with Section 355 of the Bankruptcy Act."

The proof of claim of appellant was dated and verified October 7, 1952. It was received in the office of the Referee on October 10, 1952, airmail special delivery, accompanied by a letter from the law office of Leo K. Gold. It was marked "received" and returned to the attorney for the reason that it was not in duplicate as provided by the rule of the court. It was returned to the Referee in proper form and filed on October 16, 1952, more than three months after the date fixed for the first meeting of the creditors. It was admitted in the trial court and not denied here that appellant received all notices sent out by the Referee in the regular course of the mail, and knew that the last date for filing claims as fixed by law was October 1, 1952.

Section 355 of the Bankruptcy Act is undoubtedly a statute of limita-

---

1. "§ 755. Allowance of claims upon order to proceed with bankruptcy

"Upon the entry of an order under the provisions of this chapter directing that bankruptcy be proceeded with, only such claims as are provable under section 103 of this title shall be allowed and, except as provided in section 754 of this title, claims not already filed may be filed within three months after the first date set for the first meeting of creditors, held pursuant to section 91 of this title, or,

if such date has previously been set, then within three months after the mailing of notice to creditors of the entry of the order directing that bankruptcy be proceeded with."

Section 355 of the 1938 Act was renumbered as 354 and amended by the Act of July 7, 1952, 66 Stat. 433, to take effect and be enforced three months from the date of approval. See § 57, 66 Stat. 438. The amendment is inapplicable to this claim.

tions and operates as a bar to claims not filed within the specified period; and, in the interest of efficient administration of the Bankruptcy Act should be strictly enforced. In re Supernit, 3 Cir., 186 F.2d 130; Hi-Flier Mfg. Co. v. Haberman, 2 Cir., 115 F.2d 918; Wheeling Valley Coal Corp. v. Mead, 4 Cir., 171 F.2d 916; In re Tashman, D.C., 100 F. Supp. 799. Sampsell v. United States, 9 Cir., 205 F.2d 490, is not to the contrary. In that case, the question was whether the six months limitation imposed by Section 57, sub. n of the Act, 11 U.S.C.A. § 93, sub. n, or the three months limitation under Section 355 was applicable. The court concluded that the claim asserted by the United States was governed by the six months limitation in Section 57, sub. n, and held the claim filed within that period timely.

■ The appellant argues that since the order of adjudication on April 2, 1952, did not specifically direct that "bankruptcy be proceeded with", the subsequent proceedings was a nullity, and the case should therefore be reversed with directions to enter an appropriate order of adjudication, thereby reinstating the statutory period in which to file claims. Section 355 does mention the entry of an order "directing that bankruptcy be proceeded with," but there is nothing in the text indicating that failure to use these exact words is fatal to the adjudication or subsequent proceedings. Here, the notice of adjudication mailed to the creditors on June 17, 1952, also notified the creditors of the first meeting on July 1, 1952; and the notice also significantly recited that it was being sent in compliance with Section 355 of the Bankruptcy Act. There can be no doubt of notice to all creditors that the arrangement under Chapter XI had failed; that the debtor had been duly adjudged a bankrupt, and that the first meeting of the creditors was to be held on July 1, 1952, in accordance with the provisions of Section 355. See Judge Clark's admonition in Hi-Flier Mfg. Co. v. Haberman, supra, 115 F.2d at page 919. The pro-

ceedings were in pursuance to the required notice and they were binding upon all creditors with such notice, including the appellant here.

The appellant pleaded misfortune and inadvertence preventing the filing of the claim within the statutory period. It alleged in substance that it had entrusted the prosecution of its claim with the Jewelers Board of Trade, and that it did not learn that the claim had not been filed until October 1, 1952, at which time its officer called the Referee, who advised the claimant to file its claim. On these facts, the claimant invokes the equitable power of the bankruptcy court to enter an order nunc pro tunc, reducing to record an oral leave granted by the court to the claimant on October 1, 1952, to file its claim, and granting to the claimant an extension of time to and including October 16, 1952, within which to file written proof of its claim.

■ In the first place, the trial court specifically found that appellant was at no time told by the Referee or given to understand that its claim would be allowed if filed after the date fixed in the notice. Moreover, Section 355 does not authorize the court to extend the time in which to file a claim as does Section 57, sub. n. Giving full effect to the allegation of the petition, there was no authority to grant the alleged application for extension, even though it was granted.

■ Bankruptcy courts are vested with "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction * * *" § 2, Bankruptcy Act of June 22, 1938, c. 575, § 1, 52 Stat. 842; Act of July 7, 1952, c. 579, § 2, 66 Stat. 420, 11 U.S.C.A. § 11. "In the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done in administration of the bankrupt estate." Pepper v Litton, 308 U.S. 295, 307, 60 S.Ct. 238, 246, 84 L.Ed. 281. But, the equitable powers of a bankruptcy court are necessarily confined within the statutory

bounds and must be exercised consistently with the Act. Securities and Exchange Commission v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293. It is not empowered to allow a claim in equity which is barred by statute.

The entry of a nunc pro tunc order does not involve the equity jurisdiction of the court. The Latin phrase is merely descriptive of the inherent power of the court to make its records speak the truth—to record that which was actually done, but omitted to be recorded. It is no warrant for the entry of an order to record that which was omitted to be done. See Blankenship v. Royalty Holding Co., 10 Cir., 202 F.2d 77. There was no authority for a nunc pro tunc order to show the timely filing of a claim which was not in fact timely. Cf. In re Supernit, supra.

The judgment is affirmed.

Swan, Circuit Judge, dissented in part.