In re Nancy C. **MULVANEY.**

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**Nancy C. MULVANEY, Defendant.**

**COMMONWEALTH INFORMATION SERVICES, INC., Plaintiff,**

v.

**Nancy C. MULVANEY, Defendant.**

Bankruptcy No. 94–41256–A.
Adv. Nos. 94–4064–A, 94–4065–A.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Feb. 15, 1995.

Bennett L. Stein, Stein & Smith, P.C., Newport News, VA, for plaintiffs.

Robert B. Rae, Rae, Bergstrom & Rae, PLC, Va. Beach, VA, for debtor/defendant.

## MEMORANDUM OPINION & ORDER

DAVID H. ADAMS, Bankruptcy Judge.

This proceeding comes before the Court on motions by the debtor/defendant to dismiss as untimely the complaints to determine dischargeability of debt filed by Commonwealth Information Services ("CIS") and Hartford Accident Indemnity Company ("Hartford"). The Court granted both motions to dismiss. This memorandum opinion and order elaborates on the prior ruling of the Court.

### STATEMENT OF FACTS

The debtor, Nancy C. Mulvaney, filed her Chapter 7 petition in bankruptcy on July 7,

1994. This Court's Clerk sent notice to the debtor and her creditors, advising them that a meeting of creditors was scheduled pursuant to § 341 of the Bankruptcy Code on August 10, 1994. The notice set the deadline for filing any complaints to determine the dischargeability of any debt under § 523(c) on October 11, 1994, in accord with Bankruptcy Rule 4007(c). On October 13, 1994, separate complaints challenging the dischargeability of debt were filed on behalf of Hartford and CIS, both of which were represented by the same counsel.

Counsel for the plaintiffs proffered that on October 5, 1994, he forwarded the subject complaints to the Court. Upon receipt, a Deputy Clerk telephoned counsel for the plaintiffs to inform him that the requisite Adversary Proceeding Cover Sheet had not been forwarded with the pleadings. See Local R. 401. Counsel for the plaintiffs promptly delivered the Cover Sheet to the Clerk's office. On the afternoon of October 11, 1994, the deadline for filing the complaints, the Deputy Clerk again telephoned counsel to inform him that the pleadings were still deficient because the filing fee had not been submitted to the Court. Counsel for the plaintiffs tendered a check on October 12, 1994. On October 13, 1994, the Deputy Clerk telephoned counsel a third time to advise him that a separate filing fee is assessed for each adversary proceeding, and since counsel filed two adversary proceedings, a second filing fee was due. Counsel delivered a check for the remaining amount due and both complaints were filed on October 13, 1994.

## CONCLUSIONS OF LAW

Federal Bankruptcy Rule 4007(c) governs the time limits for filing complaints to determine dischargeability.

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. **The motion shall be made before the time has expired.**

Fed.Bankr.R. 4007(c) (emphasis added).

Unless a creditor has not received notice under § 523(a)(3)(B), § 523(c) applies to all complaints challenging the dischargeability of debt under §§ 523(a)(2), (a)(4), (a)(6) and (a)(14). Since the plaintiffs are moving under § 523(a)(2)(A) and (a)(4), Rule 4007(c) applies to the inquiry at hand.

█ Counsel for the plaintiffs has argued that the Court should utilize and justify plaintiff's late filing based on the "excusable neglect" standard set forth by the Supreme Court in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, a technical analysis of the Bankruptcy Rules reveals that *Pioneer* is inapplicable to the situation of tardy complaints filed under 4007(c), and we therefore need not determine whether "excusable neglect" exists in this case under the *Pioneer* standard. In *Pioneer Investment,* unsecured creditors of a Chapter 11 debtor filed proofs of claim filed after the deadline set by the Bankruptcy Court. The Supreme Court interpreted "excusable neglect" under Rule 9006(b)(1) in the context of late filed claims under Rule 3003(c). Rule 9006(b)(1) provides,

> **Except as provided in paragraph (2) and (3) of this subdivision,** when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.Bankr.R. 9006(b)(1) (emphasis added).

Rule 9006 subsections (b)(2) and (b)(3) provide when the courts have authority to enlarge the time for taking action under specified Bankruptcy Rules, and identify those

specific Rules which are excluded from the operation of the "excusable neglect" standard. A cursory inspection indicates that Rule 3003(c) is not included in either Rule 9006(b)(2) or 9006(b)(3), and therefore, courts may, "permit the act [under Rule 3003(c) ] to be done where the failure to act was the result of excusable neglect" as defined by the Supreme Court in *Pioneer.* Fed.Bankr.R. 9006(b)(1); *Pioneer Investment,* —— U.S. at —— n. 4, 113 S.Ct. at 1495 n. 4 (The Court points out that Rule 3002(c), the provision governing the filing of proofs of claim in Chapter 7 cases, is specifically excepted from the "excusable neglect" standard under Rule 9006(b)(3), whereas no similar provision exists for Rule 3003(c) under either Rule 9006(b)(2) or (b)(3)). Like Rule 3002(c), Rule 4007(c) is specifically referenced by Rule 9006(b)(3) which reads, "[t]he court may enlarge the time for taking action under Rules . . . 4007(c), **only to the extent and under the conditions stated in the those rules.**" Fed.Bankr.R. 9006(b)(3) (emphasis added). Rule 4007(c) provides that the Court may, for cause, extend the time to file a complaint. However, Congress has made its intent clear: the Court may only act upon a motion of any party in interest, and *only* when that motion is made before the time for filing a complaint has expired. Fed.Bankr.R. 4007(c) ("The motion *shall* be made before the time has expired.") (emphasis added). Thus, an enlargement of the time to file a complaint is specifically defined under Rule 4007(c), and is not subject to the Supreme Court's interpretation of "excusable neglect" under Rule 9006(b)(1).

The plaintiffs urge the Court to utilize its equitable powers to extend the time to file a complaint, especially since the untimely filing is due to counsel's detrimental reliance on statements by personnel in the Clerk's office. To support their contention, plaintiffs cite cases in the Sixth, Ninth and Tenth circuits where the courts have considered a technically untimely complaint timely under unique circumstances. For example, the court in *In re Themy,* 6 F.3d 688, 689 (10th Cir.1993), held that when the court sets two conflicting deadlines for filing complaints to determine dischargeability, the untimely complaint may be accepted because the court affirmatively misled the creditor by giving a wrong deadline. The Tenth Circuit opined that Bankruptcy Courts are responsible for their mistakes and have the inherent equitable power to correct them. *Id.* "If the equitable powers of the bankruptcy court [were] not invoked, an injustice [would] occur and [the creditor would] lose his right to object because of his reliance on error made by the bankruptcy court." *Id.* at 690 (citing *Francis v. Riso (In re Riso),* 57 B.R. 789, 793 (D.N.H.1986)); *see also Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629 (6th Cir.1994).

Likewise, *in Anwiler v. Patchett (In re Anwiler),* 958 F.2d 925 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992), the court found that the equitable powers of the court may be properly utilized to clarify confusion arising from the issuance of two deadlines from two separate courts. Anwiler initially filed his Chapter 7 petition in the United States Bankruptcy Court for the Central District of California. The court sent out a notice for the first meeting of creditors and set the deadline for filing complaints. Subsequently, the case was transferred to the United States Bankruptcy Court for the Southern District of California which sent out another notice of the § 341 meeting. The second notice set the deadline for filing dischargeability complaints at a later date. The Ninth Circuit found the complaint untimely because it was filed after the deadline set by the transferor court, but found that the creditor could have reasonably relied on the fact that the second notice was the operative one given the second court had jurisdiction over the matter. *Id.* at 929. The court concluded that, "the equitable power given to [bankruptcy] courts under 11 U.S.C. § 105(a) would be meaningless if courts were unable to correct their own mistakes." *Id.*

 Counsel for the plaintiff states that this situation is analogous to the cases cited; the use of this Court's equitable powers is necessitated because he detrimentally relied upon statements by the Clerk's office. When the Deputy Clerk called him the first time to advise him that the Adversary Proceeding Cover Sheet was missing, counsel wrongly

assumed that this was the only deficiency in the pleadings sent to the Court. The type of negative inference counsel is attempting to rely upon is clearly unreasonable. For a complaint to be filed by the Clerk's office, it is the responsibility of the attorney to ensure that all forms are included and payments made to the Clerk's office. If counsel was actually relying on the Clerk's phone calls, the Deputy Clerk placed a second phone call to counsel in sufficient time for him to remedy the deficient filing in at least one adversary proceeding. However, counsel for the plaintiffs waited until the following day to advance the funds. The Court does not view the actions of this Court's Clerk's office as erroneous or misleading, and we flatly reject the plaintiffs' arguments of reasonable or substantial detrimental reliance on the statements made by the Deputy Clerk.

The Clerk's office cannot be held responsible for an untimely filing which occurred due to an attorney's failure to provide it with the appropriate paperwork and necessary funds. The Court rejects counsel's attempt take advantage of the courtesy of this Court's Clerk's office in dealing with attorneys practicing before the Court. Deputy Clerks are not required to telephone attorneys who do not submit the appropriate paperwork; this is a courtesy extended to the bar and the Court will not chide the Clerk's office for fostering amicable relations with the bar.

The Court concludes that this situation is distinguishable from the cases cited herein.[1] First, all of the cases cited address the situation of unique circumstances, and generally deal with confusion over the deadline for filing the dischargeability complaints. This case is not about confusing a dischargeability deadline. The plaintiffs were aware at all times, notwithstanding conversations with the Clerk's office, that the deadline for filing dischargeability complaints expired on October 11, 1994. Second, in those cases, the courts placed the risk of loss on the debtor, as an individual with notice and an incentive to correct any confusion in the deadline dates. See Anwiler, 958 F.2d at 929 (citing Brown v. Sibley (In re Sibley), 71 B.R. 147, 149 (Bankr.D.Mass.1987)). We find no logical reason to require the debtor to personally ensure that every creditor is aware of the deadline for filing complaints to dischargeability when the notice from the court is sufficient. Placing the risk of loss on the debtor when there is no confusion as to the deadline date is unwarranted. Finally, the Court's equitable powers should only be exercised under extreme circumstances. See Dwyer v. Hershkovitz (Matter of Hershkovitz), 101 B.R. 816 (Bankr.N.D.Ga.1989). Such circumstances are not present when the creditor has merely missed the deadline to file a complaint. In short, this Court is bound by precedent[2] and the strict time lines established in the Bankruptcy Rules. By justifying the acceptance of an untimely complaint, we would be creating a new substantive right, which this Court refuses to do without Congressional mandate. This Court is bound by the plain language of Rule 4007(c). Based on the foregoing, it is ADJUDGED, ORDERED, and DECREED that the plaintiffs' complaints to determine the dischargeability of debt are hereby dismissed.

---

1. We note that although the Fourth Circuit has not ruled upon the issue of whether a bankruptcy court may accept an untimely complaint filed pursuant to Rule 4007(c) when two separate deadlines have been issued from the Court, we are not bound by those rulings set forth in other circuits. However, we find that our decision today is not inconsistent with those decisions from other circuits, and we make no determination under facts which are not before us today.

2. Case law is replete with authority that the Court is prohibited, sua sponte, from extending the time period for filing dischargeability complaints. See In re Anwiler, 958 F.2d at 927; In re Isaacman, 26 F.3d at 629. A denial of the movant's motion to dismiss would effectively be a sua sponte determination by the Court to extend the time period under 4007(c).