In re Donald G. ATTEBERRY, Debtor.

**H.T. PAUL CO., INC. and Howard
T. Paul, Appellants,**

v.

**Donald G. ATTEBERRY, Appellee.**

No. 94–4163–RDR.
Bankruptcy No. 93–40866–7.

United States District Court,
D. Kansas.

March 29, 1996.

**522**

Justice B. King, Fisher, Patterson, Sayler & Smith, Topeka, KS, for Donald G. Atteberry.

Stephen P. Weir, Hein, Ebert & Weir, Chtd., Topeka, KS, Michael B. Myers, Myers & Myers, Topeka, KS, for H.T. Paul Co., Inc. and Howard T. Paul.

Joseph I. Wittman, Trustee, Topeka, KS.

John E. Foulston, U.S. Trustee, Wichita, KS.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from the bankruptcy court. The appellants H.T. Paul Co., Inc. and Howard T. Paul ("Paul") contend that the bankruptcy court erred in dismissing their complaint objecting to discharge and dischargeability of debtor Donald G. Atteberry in Case No. 93–40866–7. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

■ We review the bankruptcy court's findings to determine whether they are clearly erroneous; however, legal determinations are subject to plenary review. *Turney v. FDIC*, 18 F.3d 865, 868 (10th Cir.1994). Mixed questions of fact and law involving primarily a consideration of legal principles are reviewed *de novo*; mixed questions involving primarily a consideration of facts are reviewed by a clearly erroneous standard. *In re Wes Dor, Inc.*, 996 F.2d 237, 241 (10th Cir.1993). Legal conclusions drawn from facts are also reviewed *de novo*. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167, 1169 (10th Cir.1985).

In 1991, Donald G. Atteberry, D.V.M., P.A., a veterinary medicine business operated as a professional corporation, filed a Chapter 11 bankruptcy, Case No. 91–40357. In 1993, Dr. Donald G. Atteberry filed an individual Chapter 7 bankruptcy, Case No. 93–40866–7. Paul has an interest in both bankruptcies. Justice B. King was counsel for the debtor in both bankruptcies.

On June 1, 1993, the bankruptcy court entered an order in Case No. 93–40866–7, the Chapter 7 case, establishing the last day for filing objections to discharge and exceptions to dischargeability of debts as August 20, 1993. On or about August 2, 1993, one of the attorneys for Paul contacted Mr. King requesting an extension of time of thirty days from August 20, 1993 to file a complaint objecting to discharge and dischargeability in the Chapter 7 case. Mr. King informed opposing counsel that he would have to contact his client before he could commit to the extension. On August 12, 1993, Paul's counsel filed a motion asking for an extension of time. The motion requested additional time

to file complaints objecting to discharge or dischargeability from August 20, 1993 to and including September 20, 1993. The motion contained the caption of the Chapter 11 case, including the debtor's name as "Donald G. Atteberry, D.V.M., P.A." and the case number as "91–40357." Paul's counsel sent a proposed order granting the motion to the bankruptcy court. The proposed order also contained the caption of the Chapter 11 case. Paul's counsel also sent a proposed agreed order to Mr. King. The proposed agreed order also contained the caption of the Chapter 11 case. Mr. King signed the agreed order. On August 20, 1993, the bankruptcy court signed both orders. The orders were filed in the Chapter 11 case.

On September 20, 1993, Paul filed a complaint in the Chapter 7 case objecting to discharge and seeking to establish an exception to dischargeability. On the same date, Paul also filed in the Chapter 7 case a motion for extension of time to file such a complaint in the Chapter 7 case. The debtor initially responded with an objection to the motion for extension of time. The debtor argued that the motion should be denied because the time period for filing complaints had passed. The debtor later filed a motion to dismiss Paul's complaint on the ground that it was untimely. In response to the motion to dismiss, Paul filed a motion for an order nunc pro tunc. Paul sought an order from the bankruptcy court determining that the motion for extension of time filed on August 12, 1993, and the orders entered on September 20, 1993, should be considered filed in the Chapter 7 case, not the Chapter 11 case.

On December 22, 1993, the bankruptcy court denied Paul's motion for extension of time to file objections to discharge and dischargeability and Paul's motion for order nunc pro tunc. The court also granted debtor's motion to dismiss Paul's complaint. The court found that the complaint had not been timely filed. Thereafter, Paul filed a motion to alter or amend judgment. This motion was denied by the bankruptcy court on August 25, 1994. Paul now appeals from the bankruptcy court's orders of December 22, 1993 and August 25, 1994.

Paul contends that the bankruptcy court erred in dismissing its complaint as untimely. Paul argues that the bankruptcy court had the equitable power to provide relief and should have exercised that power based upon the circumstances of this case. Paul further contends that the bankruptcy court had power to provide relief either through a nunc pro tunc order or an amendment under Fed. R.Bankr.P. 7015.

■ The time limits for filing objections to discharge under 11 U.S.C. § 727 and complaints to determine dischargeability under 11 U.S.C. § 523(c) are identical. The bankruptcy rules provide that both complaints must be filed not later than sixty days following the first date set for the meeting of creditors pursuant to 11 U.S.C. § 341. *See* Fed.R.Bankr.P. 4004(a), 4007(c). Both rules further provide that extensions of time may be granted for cause but state that such extensions shall be made before the time expires. *Id.* The bankruptcy court may enlarge the time for filing complaints under Rules 4004(a) and 4007(c) "only to the extent and under the conditions stated in those rules." Fed.R.Bankr.P. 9006(b)(3). The limitation contained in Rule 9006(b)(3) precludes the consideration of untimely motions under the excusable neglect standard of Fed. R.Bankr.P. 9006(b)(1). *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L.Ed.2d 74 (1993); *Jones v. Arross,* 9 F.3d 79, 81 (10th Cir.1993).

The Tenth Circuit has stated that the time limits of Rules 4004(a) and 4007(c) must be "strictly enforced." *In re Themy,* 6 F.3d 688, 689 (10th Cir.1993). The Tenth Circuit, however, has recognized that a bankruptcy court does have the equitable power under 11 U.S.C. § 105(a) to allow a late filed complaint under these rules when the bankruptcy court was responsible for affirmatively misleading a litigant. *Id.* at 690. In *Themy,* the bankruptcy court issued an order establishing an incorrect deadline for filing objections to discharge and complaints objecting to dischargeability. A creditor relied upon the incorrect date and filed untimely pleadings challenging the discharge of the debtor and the dischargeability of certain debts. The

debtor moved to dismiss and the bankruptcy court denied the motion. In affirming the bankruptcy court, the Tenth Circuit stated:

[A]lthough the burden of protecting one's rights is ordinarily placed on the creditor, ... when the court's act affirmatively misleads the creditor as to a deadline, the court bears the responsibility for correcting its error. A creditor should be entitled to rely on the court's orders.

*Id.* at 690 (citation omitted).

The Tenth Circuit has also recognized another exception to the limitations provided in Rules 4004(a) and 4007(c). A creditor is permitted to file an untimely objection or complaint if he has not received adequate notice of the pendency of the proceedings. *See In re Walker,* 927 F.2d 1138, 1144 (10th Cir.1991).

The exceptions noted by the Tenth Circuit have no application here since there is no suggestion that the mistake made by Paul's counsel was caused by any action of the bankruptcy court, and there is no dispute that Paul had timely notice of the debtor's bankruptcy case. Having carefully considered the arguments articulated by Paul and the cases cited in support, the court is not persuaded that the Tenth Circuit would create an exception for the circumstances of this case. The exact nature of the limitations contained in Rules 4004(a) and 4007(c) remain unclear. A number of courts have examined the deadlines to determine if they are jurisdictional or in the nature of statute of limitations. Compare *In re Barley,* 130 B.R. 66 (Bankr.N.D.Ind.1991) (jurisdictional) with *Farouki v. Emirates Bank International, Ltd.,* 14 F.3d 244 (4th Cir.1994) (not jurisdictional). The resolution of this issue has led to a variety of opinions. *See In re Dombroff,* 192 B.R. 615 (S.D.N.Y.1996) (collecting cases). Nevertheless, these courts, including the Tenth Circuit, have made clear that the circumstances for relief from the deadlines are extremely limited. The court is convinced that the circumstances of this case do not merit such relief. The error in this case was made by Paul's counsel, not the bankruptcy court. The mistake made by Paul's counsel is regrettable, but we do not believe that the bankruptcy court had the power to

remedy it. Paul failed to file a timely motion in this case. The fact that Paul's counsel submitted a motion in a related case does not change the fact that a timely motion was not filed in this case.

Paul has attempted to characterize the error in the instant case as the "technical, clerical or procedural kind." As such, Paul contends that case law supports the contention that the bankruptcy court could utilize its equitable powers to provide the requested relief. The cases cited by Paul are distinguishable from the instant case. They involve situations where documents were filed or attempted to be filed in the correct case before the deadlines in Rules 4004(a) and 4007(c) had expired. *See In re Chandler,* 139 B.R. 817 (Bankr.S.D.Miss.1992); *In re Brenesell,* 109 B.R. 412 (Bankr.D.Haw.1989); *In re Pace,* 130 B.R. 338 (Bankr.N.D.Fla. 1991); *In re Barnes,* 96 B.R. 833 (Bankr. N.D.Ill.1989). None involved circumstances such as this case where a document with the wrong case name and number was filed.

The only case which the court has discovered that has any similarity to the instant case is *In re Beam,* 73 B.R. 434 (Bankr. S.D.Ohio 1987). In *Beam,* a creditor prepared and submitted a motion for extension of time to file a dischargeability complaint before the time expired, but the motion was filed in an unrelated case because the caption contained the wrong name and number. The creditor, after apparently realizing its mistake, then filed another motion for extension in the correct case, noting that the motion was untimely because the motion had inadvertently been filed in another case. The creditor subsequently filed a complaint objecting to the debtors' discharge and to the dischargeability of the debt due it. The debtors sought dismissal of the complaint as untimely. The bankruptcy court denied the creditor's motion for extension of time and granted the debtor's motion to dismiss. The court found that the complaint was not timely filed because a timely motion for extension had not been filed in the proper case. In granting the motion to dismiss, the court stated:

As a general rule, justiciable controversies should be substantively decided and not

barred by procedural technicalities, unless some important policy or purpose is served. However, Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) do indeed reflect an important policy or purpose and their enforcement is basic to proper bankruptcy administration.

Fundamental to our insolvency laws is the notion that bankruptcy in the life of an individual is a passing phenomenon, after which life must go on. The viability and rapidity of that process is the essence of the discharge in bankruptcy and related fresh start doctrine. Bankruptcy Rules 4004(a) and (b), 4007(c) and 9006(b)(3) are the means utilized to achieve that objective. They reflect a considered determination that a final cut-off date insuring that debtors will be free after a date certain, outweighs individual hardship to creditors that may be caused by rigid adherence to the rules.

If the clear Congressional policy evidenced by the above specific language of the Code and Rules as supported by consistent judicial decisions precludes a Bankruptcy court from granting any extension of the Rule 4007(c) time after its expiration on the grounds of excusable neglect or reliance, even when such a request is filed on the appropriate case, it could certainly not permit the granting of an extension of the Rule 4007(c) time for actions taken in an unrelated bankruptcy case or proceeding.

*Id.* at 436–37 (citations omitted).

The court agrees with the reasoning and conclusion reached in *Beam*. The circumstances there are as close to those contained in the instant case as any the court has found.

 The court is not persuaded that the bankruptcy court had the power to grant Paul relief through the use of a nunc pro tunc order or Rule 7015. A nunc pro tunc order is designed to make a court's records "speak the truth—to record that which was actually done, but omitted to be recorded." *W.F. Sebel Co. v. Hessee,* 214 F.2d 459, 462 (10th Cir.1954). "An order may be entered nunc pro tunc to make the record speak the truth but it cannot supply an order which in fact was not previously made." *Crosby v. Mills,* 413 F.2d 1273, 1277 (10th Cir.1969). The type of relief requested by Paul would exceed the narrowly tailored function of a nunc pro tunc order. *See Hessee,* 214 F.2d at 462 (no authority for a nunc pro tunc order to show the timely filing of a claim which was not in fact timely). Moreover, the use of Rule 7015 by the bankruptcy court to allow an amendment would have been improper. *See* Fed.R.Bankr.P. 9014.

In sum, the bankruptcy court correctly granted the debtor's motion to dismiss because the complaint filed by the creditor was not timely filed. Accordingly, the decision of the bankruptcy court is affirmed.

**IT IS SO ORDERED.**