**In re CCR FINANCIAL PLANNING, LTD., Debtor.**

**Mr. and Mrs. James W. MANN, Plaintiffs,**

**v.**

**CCR FINANCIAL PLANNING, LTD. a/k/a Robert A. McKoy, Defendant.**

Adv. No. 96–1028.

Bankruptcy No. 95–14732.

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Aug. 12, 1996.

**348**

Bennett A. Brown, Fairfax, Virginia, for Debtor.

Stephen T. Gannon, Paula S. Beran, Le-Clair Ryan, P.C., Richmond, Virginia, for Plaintiffs.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

Today we consider the motion of the debtor, CCR Financial Planning Ltd., to dismiss the complaint of Mr. and Mrs. James Mann to determine the dischargeability of a debt. In response to the debtor's motion, the Mann's filed a motion to amend their complaint to substitute Robert A. McKoy, individually, as the defendant in this proceeding and deem the complaint timely filed in Mr. McKoy's individual bankruptcy. The sole issue before us is whether this court has any discretion under the applicable Federal Rules of Bankruptcy Procedure to permit the creditor to amend its § 523 complaint pursuant to Rule 7015 to avoid the strict application of Rule 4007(c). For the reasons stated below, and on the specific facts of this case, we find that we do not.

## I. PROCEDURAL BACKGROUND.

In September, 1995, the Manns obtained a judgment in the amount of $192,000 against both Robert A. McKoy ("McKoy") personally and CCR Financial Planning, Ltd. ("CCR Financial"). On October 24, 1995, CCR Financial, a financial planning business, filed a Chapter 7 bankruptcy, Case No. 95–14732. McKoy was the president and 100% sole shareholder of CCR Financial. Also on October 24, 1995, McKoy filed an individual Chapter 7 bankruptcy, Case No. 95–14731. On the petition filed in the corporate case, CCR Financial listed "Robert A. McKoy" in the space provided for "all other names used by the debtor in the last 6 years (include married, maiden and trade names)." On the petition filed in the individual case, McKoy listed "CCR Financial Planning, Ltd." as his "other name used by the debtor in the last 6 years."

The computer system used by the clerk's office requires a case administrator to describe the "other name" provided by a debtor as "formerly known as," "also known as," "doing business as" or "trading as." In each case, the case administrator chose the abbreviation that best described the debtor's "other name." Thus, on the court's computer system the caption in the individual case reads "Robert A. McKoy DBA CCR Financial Planning, Ltd." and the caption in the corporate case reads "CCR Financial Planning, Ltd. AKA Robert A. McKoy."

On November 1, 1995, the clerk's office issued a form "Notice of Commencement of Case under Chapter 7" in both Case No. 95–14731 and Case No. 95–14732. The Notice issued in the corporate case lists the debtor as "CCR Financial Planning, Ltd., AKA Robert A. McKoy." The Notice also contains the corporation's federal employer identification number and states that it is a "Corporation/Partnership No Asset Case." The Notice in the individual case lists the debtor as

"Robert A. McKoy DBA CCR Financial Planning, Ltd." That Notice contains McKoy's social security number and states that it is an "Individual or Joint Debtor No Asset Case."

The Notice issued in the individual bankruptcy established the last day for filing objections to discharge and exception to dischargeability of debts as January 29, 1996. The Notice issued in the corporate bankruptcy does not set such a deadline because corporate debtors do not receive a discharge under § 727. The Manns are listed as creditors on the debtors' schedules in both bankruptcies. The certificate of service filed by the clerk's office in each case indicates that the Manns were among the creditors to whom notice was mailed on November 1, 1995.

On January 29, 1996, the last day to file complaints under § 523 or § 727, the Manns filed a complaint in case number 95–14732, the corporate case, seeking an exception to discharge under § 523. The complaint lists the debtor as "CCR Financial, Ltd. a/k/a Robert A. McKoy." On February 14, 1996, because no complaint had been filed in McKoy's individual bankruptcy, McKoy received his discharge pursuant to § 727 of the Code. Subsequently, on February 29, 1996, McKoy's individual case was closed.

On March 8, 1996, the corporate debtor, CCR Financial, filed a motion to dismiss the adversary asserting that because a corporate debtor does not receive a discharge in a Chapter 7 proceeding, any claim of non-dischargeability under § 523 against it would be moot. In response, the Manns moved to amend their complaint to substitute McKoy as the defendant, to change the case number to McKoy's individual bankruptcy filing and requesting that the amended complaint relate back to the original filing. Also, on April 9, 1996, the Manns moved to reopen McKoy's individual bankruptcy.

## II. *CONCLUSIONS OF LAW.*

Federal Rule of Bankruptcy Procedure 4007(c) is entitled "Time for Filing Complaint under § 523(c) in Chapter 7 Liquidation," and provides that:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

■ Rule 9006, which governs the enlargement of time limitations contained in the rules, provides no assistance to a party that has missed the deadline contained in Rule 4007. Rule 9006(b)(3) explicitly provides that a court may enlarge the time for taking action under 4007(c) "only to the extent and under the conditions stated in those rules." The limitation contained in Rule 9006(b)(3) precludes the consideration of untimely motions under the excusable neglect standard of Rule 9006(b)(1). *Hartford Accident & Indemnity Co. v. Mulvaney (In re Mulvaney),* 179 B.R. 806, 808–09 (Bankr.E.D.Va.1995) (Adams, J.); *Bradco Supply Corp. v. Lane (In re Lane),* 37 B.R. 410, 414 (Bankr. E.D.Va.1984) (Shelley, J.). Thus, the provisions of Rule 4007(c) are mandatory and do not allow the Court any discretion to allow a late filed dischargeability complaint or grant a late filed motion for enlargement of time to file such a complaint, even for excusable neglect. *In re Lane,* 37 B.R. at 414.

■ We have reviewed the limited exceptions to the strict time limits of Rule 4007(c) and find that they have no application here. The Manns and their counsel concede that they had notice of both bankruptcy filings, and that they mistakenly filed their complaint in the wrong case. They contend that they were confused by the designations "AKA" and "DBA." We recognize the possible confusion the captions of the cases may have caused, but we cannot find that the confusion was caused either by any misconduct on the part of the debtor or any mistake made by the bankruptcy court.

In this case, the Manns have not requested an extension of time to file their complaint in McKoy's individual case, but rather have moved to amend their original complaint filed in the corporate bankruptcy pursuant to Rule

7015 to substitute McKoy as the defendant and deem their adversary proceeding timely filed in case number 95–14731 rather than 95–14732. The Manns argue that Federal Rule of Civil Procedure 15 and its underlying policy of liberally allowing amendments supports its motion. However, we cannot find that on these facts the Rule 15 policy of liberally allowing amendments can override the Rule 4007 limitation designed to further the "fresh start" goals of bankruptcy relief. *See Columbia First Federal Savings and Loan Assoc. v. Rae (In re Rae)*, 115 B.R. 6, 7 (Bankr.D.C.1990) (dismissing untimely complaint and noting that "[t]he result may be inequitable and harsh but reflects a policy determination of the rulemakers favoring prompt finality concerning the debtor's fresh start which this Court may not override.")

Having carefully considered the arguments articulated by the Manns and the cases cited in support of their motion to amend, we are not convinced that the time limits of Rule 4007(c) can be circumvented by a motion to amend under Rule 7015. The mistake made by the Mann's counsel is regrettable, but we do not believe that we have the power to remedy it under these circumstances. *See H.T. Paul Co., Inc. v. Atteberry (In re Atteberry)*, 194 B.R. 521, 523–24 (D.Ks.1996) (holding that bankruptcy court does not have the power to allow a creditor to amend a late filed complaint seeking to establish exception to dischargeability in Chapter 7 case, under the bankruptcy rules, so as to render it timely filed).

We have discovered only two cases with facts similar to those in the instant case, and although those cases are not binding on this Court, we agree with the reasoning and conclusions reached by those courts. *See In re Atteberry*, 194 B.R. 521 (D.Ks.1996) (creditor's complaint dismissed as untimely and denied leave to amend where motion for extension was mistakenly filed in related corporate Chapter 11 case, rather than individual debtor's Chapter 7 case); *Household Finance Co. v. Beam (In re Beam)*, 73 B.R. 434 (Bankr.S.D.Ohio 1987) (creditor's complaint dismissed as untimely where motion for extension was filed in an unrelated case be-

cause the caption contained the wrong name and number).

### III. *CONCLUSION.*

Accordingly, the motion of CCR Financial to dismiss the complaint is granted. Consequently, the Mann's motion to amend their complaint filed in case no. 95–14732 and their motion to reopen bankruptcy case no. 95–14731 are denied.