**In re Robert A. McKOY, Debtor.**

**Mr. and Mrs. James W. MANN, Appellants,**

v.

**CCR FINANCIAL PLANNING, LTD., et al., Appellees.**

**Nos. C.A. 97–705–A, 97–706–A. Bankruptcy Nos. 95–14731, 95–14732.**

United States District Court, E.D. Virginia.

Aug. 21, 1997.

Stephen T. Gannon, Paula S. Beran, Le-Clair Ryan, P.C., Richmond, VA, for Appellants.

Bennett A. Brown, Fairfax, VA, for Appellee.

## MEMORANDUM OPINION

ELLIS, Judge.

This consolidated bankruptcy appeal grows out of:

(1) the failure in one bankruptcy proceeding to file a timely complaint objecting to discharge pursuant to Rule 4007(c), Fed. R. Bankr.P.; and

(2) the corresponding attempt in the second proceeding to avoid the Rule 4007(c)

time bar by using Rule 7015, Fed. R. Bankr.P., to effect the transfer of a complaint objecting to discharge, from the second proceeding, where it was timely, but mistakenly filed, to the first proceeding where it would "relate back" and thus be deemed timely filed.

Thus, this appeal presents the question whether Rule 7015, Fed. R. Bankr.P., can be used to change the caption and case number on a complaint objecting to discharge timely but ineffectively filed in one case so that the complaint, by virtue of the Rule's "relation back" feature, might be deemed timely filed in the second case. Put more succinctly, the question is whether Rule 7015, Fed. R. Bankr.P., may be used to transfer a complaint from one bankruptcy proceeding to another to avoid Rule 4007(c)'s time bar.

For the reasons that follow, this is not a permissible use of Rule 7015, Fed. R. Bankr. P., and hence, the bankruptcy court's orders must be affirmed.

I

In September 1995, the appellants, Mr. and Mrs. James W. Mann ("Mann"), obtained an arbitration award in the amount of $192,-000 against the appellees, Robert A. McKoy ("McKoy") and CCR Financial Planning, Ltd. ("CCR Financial"), for mismanagement of their retirement funds. McKoy was the president and the sole shareholder of CCR Financial, a financial planning business. Soon thereafter, on October 24, 1995, CCR Financial filed a petition for Chapter 7 bankruptcy, Case No. 95–14732. That same day, McKoy filed an individual petition for bankruptcy, also under Chapter 7, Case No. 95–14731. In the corporate bankruptcy proceeding, CCR Financial listed "Robert A. McKoy" in the space provided for "all other names used by the debtor in the last 6 years." As a result, the caption of the corporate case read "CCR Financial Planning, Ltd. AKA Robert A. McKoy." Similarly, in the individual bankruptcy case, McKoy listed "CCR Financial Planning, Ltd." in the same space for aliases. Consequently, the caption

in that case read "Robert A. McKoy DBA CCR Financial Planning, Ltd."

On November 1, 1995, the bankruptcy clerk's office issued a form "Notice of Commencement of Case under Chapter 7" in both the individual and corporate bankruptcy actions. The notice issued in the individual bankruptcy case—Case No. 95–14731—listed "Robert A. McKoy DBA CCR Financial Planning, Ltd" as the debtor, listed McKoy's social security number, and indicated that it was an "Individual or Joint Debtor No Asset Case." That notice also established January 29, 1996 as the final day for filing an objection to discharge and/or an exception to dischargeability. The notice issued in the corporate bankruptcy case—Case No. 95–14732—listed "CCR Financial Planning, Ltd., AKA Robert A. McKoy" as the debtor, contained CCR Financial's federal employer identification number, and stated that it was a "Corporation/Partnership No Asset Case." That notice did not establish a deadline for filing a complaint objecting to discharge because corporate debtors are ineligible for such discharge. CCR Financial's creditors, including the Manns, received these notices.

Thereafter, the Manns' counsel contacted McKoy's counsel to inquire whether the debtors would reaffirm or settle the judgment debt. In this regard, the Manns' counsel informed McKoy's counsel that they would file a complaint against McKoy to except their judgment from his discharge if an agreement could not be reached concerning reaffirmation or settlement. McKoy, who did not respond until a few days prior to the filing deadline, rejected the Manns' request. Thus, on January 29, 1996, the final day in which complaints under §§ 523 and 727 could be filed in the individual bankruptcy proceeding, the Manns' counsel filed a complaint seeking to except their judg-

ment from discharge under § 523 in the corporate bankruptcy case.[1] This was a serious mistake; it was the wrong case, for the corporate debtor's debts cannot be discharged. See 11 U.S.C. § 727. On February 14, 1996, because no complaint had been filed in the individual bankruptcy proceeding, the bankruptcy · court discharged McKoy's debts pursuant to § 727. And subsequently, on February 29, 1996, the bankruptcy court dismissed the individual case.

Thereafter, on March 8, 1996, the corporate debtor, CCR Financial, filed a motion to dismiss the Manns' § 523 complaint, contending that, since corporate debtors are not subject to discharge in Chapter 7 proceedings, the Manns' claim was futile. It was at this time that the Manns' counsel first realized that he had filed the § 523 complaint in the wrong bankruptcy case. The Manns then promptly moved to amend their complaint to except their judgment from the discharge of CCR Financial by: (1) substituting McKoy for CCR Financial as defendant; (2) replacing the corporate bankruptcy case number with that of the individual bankruptcy case; and (3) requesting that the amended complaint be deemed to "relate back" to the original filing. Then, on April 9, 1996, the Manns moved to reopen McKoy's individual bankruptcy case. In response, CCR Financial moved to strike the amended complaint, and McKoy objected to the reopening of the individual bankruptcy proceeding.

By orders dated August 6, 1996, the bankruptcy court: (1) denied the Manns' motion to reopen the individual bankruptcy case; (2) denied the Manns' motion to amend their complaint in the corporate bankruptcy case; and (3) granted CCR Financial's motion to strike the Manns' § 523 amended complaint. In a Memorandum Opinion dated August 12,

1. Although the Manns filed their complaint in the corporate bankruptcy case, the complaint focused on McKoy as an individual debtor. The complaint included no reference to CCR Financial as the corporate debtor. Specifically, the complaint described McKoy as:

a financial planner whose office was in Fairfax, Virginia. He is the principal owner of

CCR Financial Company, Inc. ("CCR"), and a 1980 graduate of Brigham Young University. Debtor was also registered as a broker-dealer representative in Virginia and held series 7 and 63 licenses to conduct securities business in Virginia.

1996, the bankruptcy court held that Rule 7015, Fed. R. Bankr.P., which incorporates Rule 15, Fed.R.Civ.P., did not override the strict time requirement for filing a § 523 complaint under Rule 4007(c), Fed. R. Bankr. P., and that, in any event, the reopening of McKoy's individual proceeding would be futile because the amended complaint modified the corporate proceeding. *See In re CCR Financial Planning, Ltd.*, 199 B.R. 347 (Bankr.E.D.Va.1996).

On August 19, 1996, the Manns timely filed two notices of appeal seeking reversal of the bankruptcy court's August 6 Orders. The matter has been fully briefed and argued and is now ripe for resolution.[2]

## II[3]

This appeal concerns the proper operation and interplay of Rules 4007(c) and 7015 in the circumstances at bar. Paraphrasing the bankruptcy court, the question in this action is whether the time limit for filing objections to discharge in the individual bankruptcy proceeding can be avoided by using Rule 7015 to amend and transfer a timely filed complaint from the corporate proceeding to the individual proceeding. *See In re CCR Financial Planning, Ltd.*, 199 B.R. at 350. Analysis, therefore, properly encompasses the nature of the Rule 4007(c) time limit, the interplay between Rules 4007(c) and 7015, and whether Rule 7015 can be used to transfer a pleading from one bankruptcy proceeding to another separate, albeit related, proceeding.

■ Rule 4007(c) establishes a strict time limit for filing a complaint to determine dischargeability under § 523(c). Specifically, the rules provides that such a complaint *must be* "filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Although an extension of time may be granted, the motion for the extension must be made before the 60 day time period expires.[4] This time limit, while not a jurisdictional prerequisite, is analogous to a statute of limitations. *See Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 248 (4th Cir.1994). And significantly, Rule 9006, which governs the enlargement of time limitations contained in the Bankruptcy Rules, provides no assistance to a party who misses the deadline of Rule 4007(c); Rule 9006(b)(3) explicitly provides that a bankruptcy court may enlarge the time for filing a complaint pursuant to Rule 4007(c) "only to the extent and under the conditions stated in those rules." Further, Rule 9006(b)(3) precludes the consideration of untimely motions under the excusable neglect standard of Rule 9006(b)(1). *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 389 n. 4, 113 S.Ct. 1489, 1495 n. 4, 123 L.Ed.2d 74 (1993); *In re Mulvaney*, 179 B.R. 806, 808–09 (Bankr.E.D.Va.1995). Put another way, the Rule 4007(c) time limit for objecting to discharge is not easily avoided.

■ This does not mean, however, the Rule 4007(c) time limit for filing § 523 objections to discharge always stands as a bar to the relation back feature of Rule 7015; it does not. In appropriate circumstances, an amendment to a timely filed discharge objection, allowed pursuant to Rule 7015 after the

---

**2.** For reasons that do not appear in the record, the appeals were not transmitted to the district court until May 8, 1997. On August 1, 1997, approximately one year from the date of the filing of the appeals, the appeals were consolidated, the matter was argued orally, and the appeal was taken under advisement with leave to the parties to file supplemental memoranda, which appellants did.

**3.** A district court's scope and review of bankruptcy Orders is well-established: the bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed de novo. *See In re Southeast Hotel Properties, L.P.*,

99 F.3d 151, 154 (4th Cir.1996); *In re Johnson*, 960 F.2d 396, 399 (4th Cir.1992).

**4.** Rule 4007(c) provides, in pertinent part, that:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

expiration of the Rule 4007(c) time limit, will relate back.[5] Consider, for example, a situation in which a plaintiff incorrectly names a debtor in the caption of a timely filed complaint to except discharge and then attempts to correct this error after the Rule 4007(c) period for filing an objection has expired. In that event, provided that the proper party had notice, the amendment to correct the simple misnomer will relate back to the initial, timely date of the filing of the complaint. This is the so-called "misnomer" rule and it applies in adversary bankruptcy proceedings, as well as in the general civil context.[6] Similarly, consider the analogous situation in which a plaintiff inadvertently omits to allege an additional basis for objection to discharge in the original complaint and the time limit provided by Rule 4007(c) has expired. In this event, provided that the objection asserted in the amended complaint arises out of the same conduct, transaction, or occurrence pertaining to the debtor's bankruptcy, Rule 7015 provides that the amendment will relate back to the initial filing.[7] Both the misnomer example and the claim addition or revision example illustrate permissible uses of Rule 7015's relation back feature in the context of the Rule 4007(c) time bar.

■ Yet, the case at bar is significantly different from both of these examples. Unlike the examples, the amendment sought here is not just the correction of a misnomer, as the Manns mistakenly contend,[8] nor is it an attempt to amend or revise a complaint in a single proceeding. Far from these examples, the amendment sought here seeks to accomplish no less than the transfer of a pleading from one proceeding to another. This is a task beyond Rule 7015's capacity, which is limited to amending pleadings and does not extend to moving or transferring them. Rule 7015 is of no use to the Manns

5. Rule 7015, which incorporates Rule 15, Fed. R.Civ.P., "applies in adversary proceedings." The Manns' complaint objecting to the discharge of their judgment is an adversary proceeding pursuant to Rule 7001. The Rule's relation back provision reads as follows:

An amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

6. See, e.g., Rendall–Speranza v. Nassim, 107 F.3d 913, 918–19 (D.C.Cir.1997) ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were."); Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 469 (2d Cir.1995) (holding that Rule 15's commentary "implies that the rule is meant to allow an amendment changing the name of a party to relate back to

the original complaint only if the change is misidentification"), modified, 74 F.3d 1366 (2d Cir. 1996); Munetz v. Eaton Yale and Towne, Inc., 57 F.R.D. 476, 479 (E.D.Pa.1973) ("The 'misnomer' rule applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly has used the wrong name of the defendant in the caption of the complaint.").

7. See, e.g., Bularz v. Prudential Ins. Co. of Am., 93 F.3d 372, 379 (7th Cir.1996) ("[A] new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint."); Tri–Ex Enterprises v. Morgan Guar. Trust Co. of New York, 586 F.Supp. 930, 932 (S.D.N.Y.1984) ("[I]f the litigant has been advised at the outset of the general facts from which the belatedly asserted claim arises, the amendment will relate back even though the statute of limitations may have run in the interim.").

8. The Manns cite numerous cases for the proposition that technical filing errors may be corrected pursuant to Rule 15(c). See, e.g., Datskow v. Teledyne, Inc., Continental Products Div., 899 F.2d 1298 (2d Cir.), cert. denied, 498 U.S. 854, 111 S.Ct. 149, 112 L.Ed.2d 116 (1990); Shoap v. Kiwi S.A., 149 F.R.D. 509 (M.D.Pa.1993). These cases are inapposite, for none permits a party to transfer a pleading from one proceeding to another to evade the Rule 4007(c) time bar.

because there is no pleading in the individual bankruptcy proceeding to amend. Had the Manns filed a timely pleading in that proceeding, they might then invoke Rule 7015 to amend it. Nor is it any use to the Manns in the individual bankruptcy proceeding that they filed a timely complaint in the corporate bankruptcy proceeding. Of course, they may invoke Rule 7015 to amend that pleading, but the effort is futile because the amendment cannot move or transfer the pleading to the other proceeding; the pleading, however amended, remains in the corporate bankruptcy proceeding where it must be dismissed given that § 727 prohibits discharge for corporate debtors. The fact that the Manns' filed a motion to amend in the corporate bankruptcy case does not alter the fact that they did not file a complaint in the individual bankruptcy case.[9]

The parties have not cited, nor has the Court found, any decision precisely on point. Closely analogous and instructive, however, is *In re Atteberry,* 194 B.R. 521 (D.Kan.1996). There, the appellee filed a Chapter 11 bankruptcy petition for his veterinary medicine business and an individual Chapter 7 bankruptcy petition on his own behalf. The bankruptcy court entered an order in the individual Chapter 7 case setting the final day for filing objections to discharge. Then, for unknown reasons, the appellant mistakenly moved for an extension of time in which to file a complaint objecting to discharge in the related corporate Chapter 11 proceeding as opposed to the individual Chapter 7 proceeding. After the Rule 4007(c) time limit for filing in the Chapter 7 proceeding had expired, the appellant discovered his mistake and immediately sought an extension of time in which to file a proper discharge complaint. The bankruptcy court denied the motion to extend. The district court affirmed, holding that "the fact that appellant's counsel submitted a motion in a related case does not change the fact that a timely motion was not filed in this action." *Id.* at 524. Similarly, the fact that the Manns filed a timely (but ineffectual) complaint objecting to discharge in the corporate proceeding "does not change the fact that a timely ... [complaint] was not filed" in the individual bankruptcy proceeding. *Id.* Thus, much as the motion to extend could not have rescued the appellant in *Atteberry* from his failure to file a timely pleading in the proper proceeding, so, too, is Rule 7015 incapable of rescuing the Manns from their failure to file a timely pleading in the proper proceeding.[10] In both circumstances, the Rule 4007(c) time bar must be given effect, for this rule "reflect[s] a considered determination that a final cut-off date insuring that debtors will be free after a date certain, outweighs individual hardship to creditors that may be caused by rigid adherence to the rules." *Matter of Beam,* 73 B.R. 434, 436–37 (Bankr.S.D.Ohio 1987).

For the foregoing reasons, the bankruptcy court's decision must be affirmed and the appeal dismissed.

An appropriate Order will issue.

---

9. The Manns argue that, because McKoy knew of their intent to file a § 523 complaint against him personally, a Rule 7015 amendment would be effective to rescue their complaint from one proceeding and move it to the other. This argument is unpersuasive, for notice, whether absent or present, is simply immaterial to the question of whether a Rule 7015 amendment changing the name and number on a caption can operate to move a pleading from one proceeding to another.

10. The Manns properly note that Rule 7015 was inapplicable in *Atteberry* because it was a contested, not an adversary, proceeding. This distinction does not render *Atteberry* inapposite. The motion to amend at issue here is functionally analogous to the motion to extend the time for filing in *Atteberry.* Neither can be employed to circumvent Rule 4007(c)'s time bar.